# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK RICE,

                Plaintiff,

v.

POLI-TECH SOLUTIONS LLC and WWW.IVOTE.COM,

                Defendants.

Case No. 21-CV-1174-JPS

**ORDER**

On October 12, 2021, Plaintiff filed a complaint alleging that Defendants committed trademark infringement, among other things. (Docket #1). Plaintiff served Defendant Poli-Tech Solutions LLC ("Poli-Tech") with the complaint on October 26, 2021. (Docket #3). There is no record that Plaintiff served Defendant "www.ivote.com," ("Ivote"). Poli-Tech did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure. Thus, the Court will grant Plaintiff's "motion for default" (more properly labeled as a "request for default"), (Docket #5), and direct the Clerk of the Court to enter default against Poli-Tech only. However, "[s]hould [Poli-Tech] hereafter appear to defend this suit, the court may entertain a request to reconsider the entry of default, but [Poli-Tech] must make any such request promptly and, just as importantly, [Poli-Tech] must show good cause for [their delay]." *Carlton v. Dodge Corr. Inst.*, No. 12-CV-695-WMC, 2014 WL 4186796, at *6 (W.D. Wis. Aug. 21, 2014).

Plaintiff is advised that, without proof of service on Ivote, the Court will not direct default against it. Based on another case filed by Plaintiff, it

appears that he has served entities that share Ivote's name. (*See* 18-CV-1183-PP). The Court will direct the Clerk of the Court to mail a copy of this Order via certified mail to counsel of record for Ivote in that case:

> David L. Anstaett
> Perkins Coie LLP
> 33 E Main St - Ste 201
> Madison, WI 53703

Because Plaintiff is proceeding pro se, the Court provides the following instruction:

> Following an entry of default, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The allegations in a complaint are insufficient evidence upon which to enter an amount of judgment. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154–55 (2nd Cir. 1999). Rather, "[e]ven when a default judgment is warranted based on a party's failure to defend . . . [t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais*, 183 F.3d at 155 (citations omitted)).

*Id.* Thus, Plaintiff bears the responsibility to prove up damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (internal citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of

ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

On January 25, 2022, Plaintiff filed a "motion for entry of default, judgment" in which he requests $30,000 in trebled damages. (Docket #6-2 at 2–3). Plaintiff submitted multiple exhibits, a brief in support, and an affidavit, but none of these documents explain how or why he arrived at this specific dollar amount. Accordingly, the Court will deny the motion without prejudice. Plaintiff should file with the Court a motion for default judgment in which he describes, *specifically*, the basis for his damages calculation. Plaintiff's failure to do so may result in the Court again denying his motion for default judgment.

**IT IS ORDERED** that Plaintiff's motion for default (Docket #5) be and the same is hereby **GRANTED**; the Clerk of Court is directed to enter default against Poli-Tech Solutions LLC;

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Order via certified mail to David L. Anstaett, Perkins Coie LLP, 33 E Main St - Ste 201, Madison, WI 53703;

**IT IS FURTHER ORDERED** that Plaintiff's motion for entry of default judgment be and the same is hereby **DENIED** without prejudice; and

**IT IS FURTHER ORDERED** that Plaintiff file a motion for default judgment in which he fully sets forth the basis for his calculation of damages.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge